■ MAY PAMPELLONNE, Plaintiff, v 32-34 SOUTH SIXTH AVE. CORP. et al., Defendants and D. C. & A. C. SIGN CORP., Respondent. GOODHART AGENCY, INC., Appellant.—In a mortgage foreclosure action, in which a hearing was held before a referee relating to the distribution of surplus moneys, claimant, the Goodhart Agency, Inc., appeals from an order of the Supreme Court, Westchester County, dated December 13, 1977, which (1) confirmed the referee's report, which sustained the priority of the lien of defendant-respondent, D. C. & A. C. Sign Corp., and (2) directed the distribution of the surplus moneys in accordance therewith. Order modified by deleting the first decretal paragraph thereof and so much of the second decretal paragraph thereof as directs the payment of moneys to the D. C. & A. C. Sign Corp., and substituting therefor a provision denying the motion to confirm the referee's report. As so modified, order affirmed without costs or disbursements, and action remitted to Special Term for a new hearing in accordance herewith to be held either by the court or by the referee who presided at the prior hearing. In the instant proceeding to determine which of two junior lienors has the superior right to share in the surplus resulting from the foreclosure and sale of certain real property owned by their common debtor, there was no sworn testimony before the referee tending to prove (1) the validity of their respective claims or (2) the unpaid balance of either respondent's second mortgage or appellant's money judgment as of *October 3, 1977,* the date of the hearing before the referee. The only evidence submitted at that time, as incorporated in the referee's report, was (1) a copy of the second mortgage indicating that it had been duly recorded on May 8, 1972, (2) an affidavit by the president of respondent reciting the sum due and owing upon the second mortgage as of *October 1, 1976* and (3) a transcript of the judgment obtained against the judgment debtor and in favor of the appellant on September 27, 1976 and docketed in the office of the County Clerk of Westchester County on September 28, 1976. In the absence of sworn testimony and documentary evidence tending to establish the legitimacy and unsatisfied balance of either of these claims as of the date of the hearing, no final determination of their relative priority in the distribution of the surplus moneys could properly have been made, at least where, as here, both the validity and unpaid balance of respondent's second mortgage have been called into question. Accordingly, a further hearing is required, at which such testimony may be adduced and its veracity tested by cross-examination. Hopkins, J. P., Titone, Gulotta and O'Connor, JJ., concur.